**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL MULHEARN, individually, and**
**DEBORAH MULHEARN, his wife,**
**individually and on behalf of R.M., a minor,**
**as next friend, and natural guardians,**

                **Plaintiffs,**

**-vs-**                                                             **Case No. 6:01-cv-523-Orl-31KRS**

**K-MART CORPORATION ,**

                **Defendant.**

## ORDER

The Plaintiffs, Michael and Deborah Mulhearn, independently and on behalf of their minor child Rebecca Mulhearn ("The Mulhearns"), allege that Defendant, K-Mart Corporation ("K-Mart"), was negligent in failing to maintain a safe premises at its store #7233, located in Kissimmee, Florida. This matter comes before the Court on K-Mart's Motion for Summary Judgment (Doc. 63) and The Mulhearns' opposition thereto (Doc. 78).

**I. Background**

On November 23, 1998 The Mulhearns were visiting K-Mart's store #7233 in Kissimmee, Florida. (Doc. 1 at 2). At some point during their visit, three year-old Rebecca Mulhearn became separated from her parents. (Doc. 1 at 2). During this separation, the child was sexually assaulted. (Doc. 1 at 2). At the time of the assault, there were no security personnel at either the exit or entrance of the store. (Doc. 78 at 1). While security cameras were in use, poor angles and an obstruction prevented them from providing a clear view of the perpetrator. (Doc. 78 at 1-2). The

Mulhearns allege that K-Mart was negligent in failing to provide better security and that this negligence led to the assault on their daughter. (Doc. 1 at 3).

**II. Standard of Review**

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most

favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59. If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Herzog v. Castle Rock Entertainment,* 193 F.3d 1241, 1246 (11th Cir. 1999).

**III. Legal Analysis**

Federal jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332(2). Therefore, this Court is bound to apply the substantive law of the state in which it sits. *See Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). Accordingly, Florida negligence law will control.

Under Florida law, to succeed with a negligence claim the Plaintiff must show that: (1) Defendant owed a legal duty of care to the Plaintiff, (2) Defendant breached that duty of care, (3) Defendant's breach was both the cause-in-fact and proximate cause of Plaintiff's injury and (4) Plaintiff has suffered damages as a result of the injury. *See Paterson v. Deeb,* 472 So. 2d 1210, 1214 (Fla. 1st DCA 1985). "The owner or occupier of property has a duty to protect an invitee on his premises from a criminal attack that is reasonably foreseeable." *Foster v. Po Folks, Inc.,* 674 So. 2d 843, 844 (Fla. 5th DCA 1996). In Florida, the question of foreseeability is generally left to the jury. *See Hall v. Billy Jack's, Inc.,* 458 So .2d 760, 762 (Fla. 1984).

At one time, Florida law required proof of prior similar criminal acts on the premises to show foreseeability, however, this is no longer the case. *Holiday Inns, Inc. v. Shelbourne,* 576 So. 2d 322 (Fla. 4th DCA 1991).[1] "Of course, proof of prior similar incidents is pertinent but not

---

[1] Defendant relies on cases such as *Relyea v. State,* 385 So.2d 1378 (Fla 4th. DCA 1980) in stating that proof of prior similar acts is required. (Doc. 63 at 6). However, these cases predate the

essential to establishing foreseeability." *Satchwell v. LaQuinta Motor Inns, Inc.,* 532 So.2d 1348, 1349 (Fla. 1st DCA 1988). Under current Florida law, "foreseeability is determined in light of all the circumstances of the case rather than by a rigid application of the mechanical rule requiring evidence of prior similar criminal acts." *Foster,* 674 So. 2d at 844

Where prior similar acts have been used to demonstrate foreseeability, the opinions suggest that violent crimes of any type are predictive of other violent crimes. For example, in *School Board of Palm Beach County v. Anderson,* 411 So. 2d 940 (Fla. 4th DCA 1982), the court held that evidence of prior incidents such as attempted robbery, battery, assault with a knife, threat with a knife, fights and riots could be used to show that the fatal shooting of a student on campus was foreseeable. *Id.* at 942. The Court in *Hardy v. Pier 99 Motor Inn,* 664 So.2d 1095 (Fla. 1st DCA 1995) also indicated that the prior similar acts need not be of the exact same nature as the violent crime at issue: "[Defendant's] experience with violent and criminal activity on its premises . . . even if less serious than the tragic violence experienced by [the plaintiffs], creates an issue for the finder of fact regarding notice to [the defendant] of the potential danger and the foreseeability of the instant attack." *Id.* at 1098.

In this case, K-Mart argues that Plaintiffs have failed to produce evidence that the attack on their daughter was foreseeable because they cannot point to any prior instances of sexual assault at

---

Florida Supreme Court's holding to the contrary in *Hall v. Billy Jack's Inc.,* 458 So.2d 760 (Fla. 1984), *Allen v. Babrab, Inc.,* 438 S.2d 356 (Fla. 1983) and *Stevens v. Jefferson,* 436 So.2d 33 (Fla. 1983). *See Holiday Inns,* 576 So.2d at 325. Defendant also relies on *Ameijeiras v. Metropolitan Dade County,* 534 So.2d 812 (Fla. 3rd DCA 1988). (Doc. 63 at 5). This case appears to be an anomaly and its requirement of prior similar acts in light of *Hall, Stevens* and *Allen* is not explained.

-4-

the store in recent years. (Doc. 63 at 7). As demonstrated above, Plaintiffs are not required to present such proof.

Plaintiffs list four violent crimes reported at this K-Mart location in the last two years: two armed robberies, an assault and a battery. (Doc. 78 at 1). According to the Kissimmee Police Department's "List of Incidents" provided by the Defendant, there have been *three* armed robberies, *two* simple batteries and *two* aggravated assaults at this K-Mart location in the last two years. (Doc. 87 at 7-8)  Under Florida law, a reasonable jury could conclude that these armed robberies, assaults and batteries made it foreseeable that other violent crimes, including sexual assaults, might occur at this K-Mart location.

**IV. Conclusion**

For the reasons stated above, summary judgment is inappropriate in this case. Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment (Doc. 63) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 23, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party